```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

WILLIAM REYES,                                             :

                    Petitioner,                            :

        -against-                                          :     **MEMORANDUM AND ORDER**

SUPERINTENDENT ERCOLE, Greenhaven                          :     06 Civ. 5525 (SHS)(KNF)
Correctional Facility,
                                                           :
                    Respondent.
------------------------------------------------------------ X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

William Reyes ("Reyes"), proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petitioner alleged his confinement by New York State is unlawful because: (1) his conviction was against the weight of the evidence and violated his right to due process; (2) his rights to due process and a fair trial were denied when the prosecution's witnesses committed perjury; (3) the prosecutor's failure to disclose exculpatory evidence violated his rights under the Fourteenth Amendment; (4) the trial court admitted, improperly, evidence of the victim's "emotional response to the rape" and "her prior history of sexual abuse by her father," which "incited the jury to vindicate her past abuse;" (5) the prosecutor's misconduct, during jury selection, deprived him of a fair trial by an impartial jury; and (6) his trial counsel rendered ineffective assistance to him by failing to object or by making generalized objections to: (i) various prejudicial aspects of the jury selection process; (ii) the victim's

1

testimony concerning her history of prior sexual abuse; (iii) testimony about the victim's emotional responses to the rape; and (iv) the prosecutor's reliance on that evidence in summation. The respondent opposed the petition contending: (a) the verdict was supported by sufficient evidence; (b) the allegedly exculpatory evidence does not demonstrate that the prosecution's witnesses committed perjury; (c) the prosecution did not violate due process by failing to disclose that evidence; and (d) the state court's rejection of Reyes' ineffective assistance claim, for the failure by trial counsel to object to the prosecutor's misconduct during jury selection, was neither contrary to nor an unreasonable application of clearly established federal law. According to the respondent, the remaining claims asserted by the petitioner are procedurally barred from review, and Reyes failed to demonstrate cause for his procedural default and actual prejudice resulting therefrom, or that the failure to consider the claims will result in a fundamental miscarriage of justice.

On April 16, 2008, upon review of the petition and the respondent's answer, the Court found it was appropriate to appoint counsel to assist the petitioner and directed the Clerk of Court to: (a) assign an attorney to represent the petitioner from the panel of the attorneys compiled pursuant to the Criminal Justice Act; and (b) provide the attorney with a copy of the petition and the respondent's answer. On May 1, 2008, upon appointment of counsel to the petitioner, the Court directed the petitioner to file and serve his reply to the respondent's opposition to the petition. On July 7, 2008, the petitioner made an application, pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), seeking an order staying the petition and holding the proceeding in abeyance to permit him to file a writ of error coram nobis in New York state court. According to the petitioner, he intends to allege, in his application for a writ of

error coram nobis, that his appellate counsel provided ineffective assistance to him by failing to claim that his trial counsel rendered ineffective assistance to him because he did not object or objected inadequately to: (i) the testimony about the victim's "past sexual abuse by her father;" (ii) the testimony concerning the victim's "emotional responses to the purported rape;" and (iii) the prosecutor's use of "the improperly admitted evidence in summation to encourage the jury to convict" the petitioner. In the alternative, the petitioner seeks an order granting him 30 days " to file the amended petition and a reply" to the respondent's opposition to his petition. The respondent opposed the petitioner's application contending: (a) the petitioner has not shown good cause for failing to exhaust his ineffective assistance of appellate counsel claim; and (b) the petitioner's unexhausted claim is meritless. The respondent did not oppose the petitioner's request for alternative relief: permission to file an amended petition.

## DISCUSSION

An application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). Where a habeas corpus petition contains exhausted and unexhausted claims, a district court has the discretion to stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims only if: (a) good cause exists for the petitioner's failure to exhaust his claims in state court; (b) the unexhausted claims are potentially meritorious; and (c) the petitioner did not engage in intentionally dilatory litigation tactics. See Rhines, 544 U.S. at 269, 278, 125 S. Ct. at 1535. "Ineffective assistance of counsel [] is cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). Generally, such a claim must "be presented to the state courts as an independent claim before it

may be used to establish cause for a procedural default." Id. at 489, 106 S. Ct. at 2646. However, whether the petitioner's ineffective assistance of appellate counsel claim satisfies the good cause requirement need not be determined if his claim is meritless. See Diaz v. Smith, No. 04 Civ. 1337, 2007 WL 946196, at *6, 14 (S.D.N.Y. Mar. 27, 2007); Wallace v. Artus, No. 05 Civ. 0567, 2006 WL 738154, at *4 (S.D.N.Y. Mar. 23, 2006).

Reyes contends his claim, that trial counsel rendered ineffective assistance to him by failing to object to: (a) the admission into evidence of testimony concerning the victim's past sexual abuse and her emotional responses to the rape; and (b) the prosecutor's use of that evidence in summation, is not exhausted "due to the appellate counsel's ineffectiveness in not including that issue in [his][1] brief to the Appellate Division of New York State Supreme Court." According to Reyes, while his appellate counsel argued that the admission into evidence of testimony concerning the victim's past sexual abuse and her emotional responses to the rape was an error, he "failed to argue that [trial] counsel was ineffective for failing to object to the admission of the sexual-abuse evidence or to object with specificity to the admission of the emotional-response evidence and to the prosecution's use of that evidence during summation." Reyes maintains that appellate counsel's failure to raise "the most promising appeal issue" was not a result of reasonable professional judgment and amounts "to deficient representation." Moreover, Reyes contends, he was prejudiced by appellate counsel's failure to raise these issues because the evidence of "past sexual abuse was not admissible under New York law" except to explain why a victim delayed reporting the incident, not the circumstance in his case. Reyes asserts that the admission of this evidence and the prosecutor's reliance on it in summation were

---

[1] The petitioner's brief on appeal was signed by Robert S. Dean, Esq.

prejudicial and a reasonable probability exists that, had his trial counsel made appropriate contemporaneous objections, the outcome of the proceeding would have been different. Reyes also maintains that, when he filed the petition, he was "'reasonably confused' about whether the claims he now seeks to exhaust were exhausted" and he is not seeking the stay to delay the resolution of his pending habeas corpus petition.

The respondent contends the petitioner "has had nearly three years to make [a motion for a writ of error <u>corram nobis</u>]" and "[h]e contends that he did not do so because, until now, he was 'reasonably confused' as to which claims appellate counsel had asserted in [his] Appellate Division brief." According to the respondent, the "petitioner is claiming that he only recently discovered that appellate counsel failed to argue that defense counsel was ineffective for not objecting to portions of [the victim's] testimony, and, therefore was [himself] ineffective." However, the respondent maintains, the "[p]etitioner's purported confusion about the contents of his brief does not satisfy the good cause requirement of <u>Rhines v. Weber</u>," because even "an inadvertent and good faith failure to exhaust a claim in the state courts, attributable to a <u>pro se</u> litigant's ignorance or misunderstanding of the law, is insufficient to make out 'good cause.'" Moreover, according to the respondent, the petitioner's claim is meritless because counsel is not required to raise every colorable claim on appeal and "the reasonable professional judgment of appellate counsel as to what were the petitioner's most promising claims on appeal should not be second-guessed."

Reyes' ineffective assistance of appellate counsel claim, not raised in his petition, is neither exhausted nor procedurally barred and Reyes could raise it, via a <u>coram nobis</u> application, before the appellate court which considered his direct appeal in which appellate counsel was

allegedly ineffective. See People v. Bachert, 69 N.Y.2d 593, 599, 516 N.Y.S.2d 623, 627 (1987). To establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient; and (2) the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Considerable deference is accorded counsel's performance, as counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct. at 2066. "[I]f certain omissions cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude or laziness," a district court could find "the quality of representation sufficiently deficient to grant the writ." Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003). Prejudice is rarely presumed, and the defendant generally must prove that "there is a reasonable probability that but for counsel's [error], the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068. In determining prejudice, a court "must consider the totality of the evidence before the judge or the jury." Id. at 695, 104 S. Ct. at 2069.

The essence of the petitioner's ineffective assistance of appellate counsel claim is appellate counsel's failure to assert that Reyes' trial counsel rendered ineffective assistance to him when he failed to: (i) object to the admission of the sexual-abuse evidence; and (ii) object, with specificity, to the admission of the emotional-response evidence and to the prosecution's use of the sexual-abuse and emotional-response evidence in summation. Reyes concedes that his appellate counsel recognized and raised the issues concerning the admission of the above-noted evidence and the prosecutor's reliance on it, but argues that appellate counsel's failure to raise the ineffective assistance of trial counsel claim, based on those issues, was a result of appellate

counsel's "inadvertence or incompetence." However, a review of the record before the Court does not demonstrate that appellate counsel's failure to raise the ineffective assistance of trial counsel claim, based on that counsel's failure to object to the admission of the above-noted evidence and the prosecutor's use of it, was a result of an oversight or ineptitude rather than his exercise of reasonable professional judgment.

Appellate counsel argued, on direct appeal, that, in violation of the Fourteenth Amendment, the trial court erred in admitting testimony about the victim's emotional responses to the alleged rape and her prior history of sexual abuse by her father, because it was irrelevant to the issues at trial and it created sympathy for the victim, inciting the jury to vindicate the victim's past abuse. In support of that argument, appellate counsel indicated, repeatedly, that Reyes' trial counsel made objections throughout the victim's testimony: "Again, counsel objected at almost every juncture, until the court gave him a 'continuing objection' so that he would not interrupt the testimony." Moreover, appellate counsel devoted the last section of his argument concerning the victim's testimony to a detailed description of trial counsel's objections, noting that, "[a]lthough [trial counsel] did not initially object to testimony about [the victim's] sexual abuse, he quickly began objecting once the prosecutor began asking whether she had told anyone about the abuse and why she had not for so long." Appellate counsel concluded his argument by stating: "To the extent that a few of the improper admissions were unpreserved, this Court should consider them with the rest of the objected-to testimony, in the interest of justice."

The heart of the appellate counsel's argument was that the above-noted evidence was irrelevant and prejudicial because its purpose was "to drum up sympathy for [the victim] and cover the holes in her testimony [which] could easily have impacted the verdict." Reyes

7

contends, in support of his ineffective assistance of appellate counsel claim, that the "evidence of [the victim's] past sexual abuse was not admissible under New York law." However, Reyes does not make citation to any authority supporting that contention and the Court finds none. Evidence of the victim's past sexual abuse in sex offense cases does not appear to fall within the proscriptive scope of New York Criminal Procedure Law § 60.42 and its admission is within the discretionary powers of the trial court. See People v. Mandel, 48 N.Y.2d 952, 953-54, 425 N.Y.S.2d 63, 64 (1979); People v. Pereau, 45 A.D.3d 978, 980, 845 N.Y.S.2d 536, 538 (App. Div. 3rd Dep't 2007). While counsel failed to object initially to the victim's testimony that she was sexually molested by her father, each objection counsel made subsequently was overruled by the trial court on the ground that it was being admitted "by way of background of this witness, it has nothing to do with the question of guilt or non guilt of this defendant." Nothing in the record indicates that appellate counsel's decision not to raise the ineffective assistance of trial counsel claim, with respect to the part of the victim's testimony to which trial counsel did not object, was not a strategic choice, given that appellate counsel recognized trial counsel's failure to make objections initially, with respect to that part of the victim's testimony, and in light of the trial court's discretion to admit the evidence in question and the grounds upon which the trial court admitted that evidence.

Additionally, appellate counsel indicated, in his brief, that "[trial] counsel objected almost every time the prosecutor asked [the victim] how an event or interaction made her feel." The record before the Court demonstrates that trial counsel made objections to the victim's testimony about her feelings and thoughts in connection with the incident, albeit unsuccessfully. Although many of those objections were not accompanied by statements specifying the grounds upon

8

which they were made, the trial court overruled most of them without specifying the reasoning behind the evidentiary decisions made, thus failing to create a basis(es) for challenging those decisions. However, some of trial counsel's objections, for which grounds were not specified, were sustained. Similarly, appellate counsel raised the claim that the prosecutor's reliance on the allegedly erroneously received evidence was improper and his decision not to use that issue as one of the grounds for the ineffective assistance of trial counsel claim cannot be said to have resulted from his "inadvertence or incompetence." Accordingly, the Court finds that Reyes' ineffective assistance of appellate counsel claim is not potentially meritorious, and it does not warrant granting his application for an order staying the petition and abeying the habeas corpus proceeding.

## CONCLUSION

For the reasons set forth above, that portion of the petitioner's application, Docket Entry No. 22, which seeks an order staying the petition and abeying the habeas corpus proceeding, is denied. The petitioner's request for an order allowing him to file an amended petition is granted. On or before August 15, 2008, the petitioner shall file and serve his amended petition. On or before August 29, 2008, the respondent shall file and serve his answer to the amended petition. On or before September 8, 2008, the petitioner shall file and serve any reply.

Dated: New York, New York
July 31, 2008

SO ORDERED:

*Kevin Nathaniel For*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Stephanie Marie Carvlin, Esq.
Chelsea Chaffee, Esq.