UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM REYES,

                       Petitioner,

       -against-

SUPERINTENDENT ERCOLE,

                       Respondent.
------------------------------------------------------------------X

06 Civ. 5525 (SHS)

MEMORANDUM OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    William Reyes requests an evidentiary hearing on his habeas petition. In accordance with the United States Supreme Court's recent decision in *Cullen v Pinholster*, 131 S. Ct. 1388 (2011), that request is denied.

    In 2003, a jury in New York State Supreme Court, New York County, convicted Reyes of rape and sexual abuse. His appeal from that conviction was denied, *see People v. Reyes*, 5 N.Y.3d 768, 801 N.Y.S.2d 262 (2005); *People v. Reyes*, 17 A.D.3d 205, 206, 794 N.Y.S.2d 14 (1st Dep't 2005), as was his subsequent motion to vacate the conviction pursuant to N.Y. C.P.L. § 440.10. Reyes then filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. This Court, adopting a Report and Recommendation from Magistrate Judge Fox, dismissed Reyes' petition. *Reyes v. Ercole*, No. 06 Civ. 5525, 2009 WL 790104 (S.D.N.Y. Mar. 25, 2009). Reyes then moved for a certificate of appealability from the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 2253.

    The Second Circuit granted that motion "for the purpose of remanding this case to the district court for further consideration of the merits of [Reyes'] claims that: (1) perjury at trial violated his right to due process; and (2) the prosecution withheld

1

exculpatory evidence in violation of his right to due process." *Reyes v. Ercole*, 09-1510-pr (2d Cir. Nov. 19, 2009). Specifically, the Second Court ordered this Court to "make factual findings" on remand as to:

> (1) whether the prosecution knew or should have known of the evidence suggesting perjury at trial; (2) whether [Reyes] waived the claim by failing to uncover, through due diligence, the evidence in time for trial or direct appeal . . . ; and (3) whether the alleged inconsistencies were likely the result of perjury or, alternatively, could have resulted from [Reyes'] and the victim's differing memories of the relevant events, the victim's incorrect, but not perjured, recollection, or a difference of opinion as to the information requested . . . .

*Id.* The panel otherwise denied Reyes' motion for a certificate of appealability and dismissed the appeal on all other claims.

Following the Second Circuit's remand, this Court scheduled a factual hearing, which was later adjourned at the parties' request in order to allow the parties an opportunity to conduct their own factual investigations. However, on April 4, 2011, the Supreme Court decided *Cullen v Pinholster*. In that case, the Supreme Court limited federal court habeas review of claims that had been previously adjudicated on the merits in state court to the record that was before the state court. 131 S. Ct. at 1398.

Respondent now contends that *Pinholster* bars this Court from holding any evidentiary hearing because, as both parties concede, Reyes' claims were adjudicated on the merits in state court. Petitioner responds that *Pinholster* does not categorically preclude evidentiary hearings on section 2254 petitions and that, in any event, an evidentiary hearing is necessary in order to comply with the Second Circuit's mandate in this case, which was issued before *Pinholster* was decided.

This Court agrees with respondent. The Supreme Court made clear that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated

the claim on the merits." *Pinholster*, 131 S. Ct. at 1398. Furthermore, the Supreme Court noted that this limitation on review under section 2254(d)(1) is consistent with the language of section 2254(d)(2), which concerns habeas review of state decisions "based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*," 28 U.S.C. § 2254(d)(2) (emphasis added). *Id.* at 1400 n.7. Accordingly, *Pinholster* restricts federal habeas review of claims adjudicated on the merits in state court to the record that was before the state court, regardless of whether review of those claims is sought in federal court pursuant to section 2254(d)(1) or (2).

In this action, petitioner's claims regarding possible perjured testimony and the withholding of exculpatory evidence were adjudicated on the merits in New York state court pursuant to N.Y. C.P.L. § 440.1. Thus, federal habeas review of those claims is limited to the record that was before the state court. This Court cannot consider new evidence.

Although the Second Circuit ordered this Court in its mandate to "make factual findings," it did not specifically require an evidentiary hearing prior to doing so. Indeed, *Pinhloster* precludes the court from adducing additional evidence on those issues.

Accordingly, petitioner's request for an evidentiary hearing is denied.

Dated: New York, New York
April 25, 2011

SO ORDERED:

Sidney H. Stein, U.S.D.J.

3